IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10377
Conference Calendar
_____


WILLIAM EARL CUNNINGHAM,

                                        Plaintiff-Appellant,

versus

L. WOODS, Warden; KALMANOV, Dr.; EASON,
Health Administrator; UGAZ, Dr.,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:96-CV-240-X
- - - - - - - - - -
October 31, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

     William Earl Cunningham, Texas prisoner #643591, appeals

from the dismissal of his civil-rights complaint as frivolous.

Cunningham seeks appointment of counsel on appeal; his motion is

DENIED.  Cunningham's motion for emergency medical care also is

DENIED.  Cunningham contends that prison officials and the

University of Texas Medical Branch (UTMB) staff were deliberately

indifferent to his serious medical needs, resulting in severe

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pain in his right eyeball and lower right side, severe headaches, dizziness, mild seizures, and blurred vision in his left eye. He argues that prison officials allowed his left-eye vision to deteriorate to hinder his ability to prosecute the current lawsuit.

Cunningham raises his allegation of seizures and his contention that officials were motivated by a desire to hinder his lawsuit for the first time on appeal. Whether Cunningham suffered seizures and whether prison officials were motivated by a desire to hinder his lawsuit are factual issues. Cunningham can show no plain error because the district court did not consider the factual issues he raises the first time on appeal. *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995).

Cunningham's testimony at his hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (1985), indicated that Cunningham received treatment for his eye problems and pain in his side and that Cunningham merely disagreed with the treatment he received. The district court did not abuse its discretion by dismissing Cunningham's complaint as frivolous. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Cunningham's appeal is frivolous and therefore is dismissed. We caution Cunningham that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Cunningham is further cautioned to review any pending appeals to ensure that they do not raise arguments that

are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.